UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Clinton Davis III, | ) | |
|         Petitioner, | ) | |
| | ) | No. 21 CV 50075 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Thomas Bergami,[1] | ) | |
|         Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Clinton Davis seeks the restoration of good conduct time he lost during three disciplinary proceedings. For the reasons that follow, his petition [1] is denied.

## BACKGROUND

Mr. Davis is currently an inmate at USP Terre Haute, but filed this petition under 28 U.S.C. § 2241 while at USP Thomson within the Northern District of Illinois.[2] His petition identifies three disciplinary proceedings during which he contends he was denied due process. The first proceeding stemmed from an incident on July 24, 2017, at USP Atlanta, for which he was sanctioned with the loss of 40 days of good conduct time for possession of a cellphone. Disciplinary Hearing Officer Report for Incident #3014806 (Dkt. 5 at 38-40). The second proceeding stemmed from an incident on July 16, 2018, at USP Beaumont, for which he was sanctioned with the loss of 41 days of good conduct time for possession of methamphetamine. DHO Report for Incident #3146526 (Dkt. 5 at 41-42). The third proceeding stemmed from an incident on September 29, 2018, while still at USP Beaumont, for which he was sanctioned with the loss of 41 days of good conduct time for possession of a homemade weapon. DHO Report for Incident #3175746 (Dkt. 5 at 49-50). Mr. Davis contends that he was denied due process during each of these disciplinary proceedings because he never received a written statement of the evidence relied on and the reason for the decision. He does not contest the decision itself, for instance he does not contend that he was not allowed to call witnesses or present evidence, or that the decision was not supported by some evidence.

## ANALYSIS

Persons in the custody of the Bureau of Prisons have a liberty interest in good conduct time, and can challenge the loss of good conduct time by filing a motion for habeas relief under

---

[1] The warden of AUSP Thomson is now Thomas Bergami. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.
[2] A habeas petition is properly filed in the district where the inmate is located at the time of filing. *See al–Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir.2004). "[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction." *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

28 U.S.C. § 2241. *See Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Although prisoners have due process rights in prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As a result, a prisoner has received due process if each of the following requirements are met: the prisoner (1) receives written notice of the disciplinary charges at least 24 hours before a disciplinary hearing; (2) has an opportunity to be heard before an impartial decision maker; (3) is able to call witnesses and present evidence that will not be unduly hazardous to safety or correctional goals; (4) receives a written statement of the evidence relied on and the reason for the decision; and (5) receives disclosures of any exculpatory evidence. *Id.* at 564-66.

A federal prisoner must exhaust his federal administrative remedies before seeking habeas relief in court. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). The requirement is not jurisdictional and so is waived if not raised by the respondent. *See Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987). Here, the government has raised the defense. *See* Response [5] at 5-6.

Proper exhaustion requires compliance with the Bureau of Prisons' Administrative Remedy Program, which is set out at 28 C.F.R. §§ 542.10-542.19. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Under the program, an inmate must first attempt to resolve an issue informally. *See* 28 C.F.R. § 542.13. Within 20 days of the date on which the basis of the request occurred, an inmate may initiate administrative review by filing a written Administrative Remedy Request using form BP-9. *Id.* § 542.14. The warden must respond within 20 days. *Id.* § 542.18. If the inmate is not satisfied with the response, within 20 days he may submit an Appeal to the Regional Director using form BP-10, which must be "accompanied by one complete copy or duplicate original of the institution Request and response." *Id.* § 542.15(a), (b). The Regional Director has 30 days to respond. *Id.* § 542.18. If the inmate is still not satisfied, he must take a final appeal to the Office of General Counsel in Washington, D.C. using form BP-11, which must be "accompanied by one complete copy or duplicate original of the institution and regional filings and their responses." *Id.* § 542.15(a), (b). The General Counsel must respond within 40 days. *Id.* § 542.18. If an inmate does not receive a timely response to his informal request, grievance, or appeals, he "may consider the absence of a response to be a denial at that level." *Id.*

Mr. Davis does not purport that he initiated an administrative appeal before filing his habeas petition, or that he ever attempted to do so. In his reply brief he contends that the failure to exhaust "may be excused if, 'inter alia,' the actions of the agency clearly and unambiguously violate a statutory or constitutional right." Reply [6] at 2. He contends that failure to provide a written DHO decision, which the Supreme Court held in *Wolff* is required under the Due Process Clause, is such a constitutional right and so exhaustion is excused. *Id.*

Mr. Davis provides no authority to support his argument. The Court's research reveals that some appellate courts outside the Seventh Circuit excuse exhaustion where an agency action

clearly and unambiguously violates statutory or constitutional rights. *See, e.g., Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988); *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) (relying on *Lyons*). But *Lyons* and *Terrell* addressed exhaustion in the context of suits for money damages and injunctive relief. In the Seventh Circuit, exhaustion before filing a habeas petition may be excused when (1) requiring exhaustion would cause prejudice due to unreasonable delay, (2) the agency lacks the ability or competence to resolve the issue, (3) using the administrative process would be futile because the agency is biased or has predetermined the issue, or (4) where a substantial constitutional question is raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Although Mr. Davis casts his issue is terms of the Due Process Clause, the issue he was required to exhaust is not one that would have raised a substantial constitutional question that the Bureau of Prisons' administrative process could not resolve. Rather, he merely would have asked for a copy of the DHO reports he contends he never received. That is exactly the type of issue the Bureau could have resolved on its own, the very reason that exhaustion is required. *See Rice v. Sproul*, No. 20 CV 386, 2020 U.S. Dist. LEXIS 80155, at *3 (S.D. Ill. May 6, 2020) ("the entire point of exhaustion requirements is to allow agencies the opportunity to evaluate and remedy errors internally."). Moreover, courts routinely deny habeas petitions for failure to exhaust, even when the petitioner has asserted a violation of his due process rights. *See, e.g., Chambers v. Ciolli*, No. 21-1484, 2021 U.S. App. LEXIS 31951 (7th Cir. Oct. 25, 2021).

## CONCLUSION

Because Mr. Davis does not assert that he exhausted his administrative remedies or established that he was excused from doing so, his petition [1] is denied.

Date: June 27, 2022     By: _____
                             Iain D. Johnston
                             United States District Judge